BEFORE THE THIRD DIVISION, OCTOBER 8, 1940

No. 44474.—Protest 970910–G of Johaneson, Wales & Sparre, Inc. (New York).

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover duty assessed by the collector of customs at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked at the time of importation.

The invoice covering the merchandise upon which the duty was assessed covered 1016 bales of woodpulp. The appraiser's return on the summary sheet attached to the invoice shows that 381 of the bales in the shipment were "not marked Latvia. Most bales bear only part of the word 'Latvia' on them. Should all be marked 'Latvia.'"

The plaintiff called as a witness Mr. Vincent W. Hatala, the traffic manager of the importing firm. He testified that he went to the dock and examined the bales upon receipt of a notice from the collector that the goods were not legally marked; that the shipment consisted of woodpulp in bales approximately 2 feet by 2½ feet by 3 feet; that the bales were covered with sheets of woodpulp of the same character as the contents and several sheets were used to form the covering of each bale; that the bales were fastened together by two iron bands; that he saw evidences of marking of the country of origin on the bales; that "in some places it was easily distinguishable, and in other places, due to rough handling, a portion of the marking was obliterated"; that the collector required that 381 bales be remarked; that he took some pieces of the wrappers containing the original marking from the 381 bales that were required to be remarked.

The witness produced three of those samples which he tore from the bales and they were admitted in evidence and marked "Exhibit 1."

The witness testified further that other samples which he took were forwarded to the Commissioner of Customs by his customs broker and that they had not been returned to him; that the samples in Exhibit 1 represented the character of the marking on the bales; that where the marking crossed the iron band which bound the bales together, the letter in the stencil would be on the iron band and would not show on the woodpulp covering.

On cross-examination the witness testified that on some of the bales a portion of the marking was obliterated but he could not state definitely the number of bales upon which the marking had been destroyed. On redirect examination the witness testified that in some cases a portion of the wrapper had been torn off.

An examination of Exhibit 1 establishes that not one of the samples contains the full word "Latvia." In one of them, which has been marked A, part of the letters "MADE IN LA" are discernible, but on the other two only the letters "AIV" and "VIA" are readable. The witness testified that he sent better samples to the Commissioner of Customs, but they were not produced in court.

The plaintiff claims in its brief that the bales of woodpulp are exempt from marking under the ruling of the Commissioner of Customs in T. D. 45800(4). While that ruling is not a customs regulation, because it does not bear the approval of the Secretary of the Treasury, we find nothing therein which would exempt the marking of the bales.

The plaintiff claims also that the bales are not capable of being marked, but the fact, as set forth in the defendant's brief, that all of the bales except 381 were properly marked, would seem to controvert this contention of the plaintiff.

In the cases of *Volkart Bros.* v. *United States*, Abstract 34965; *E. A. Stone & Co., Inc.* v. *United States*, Abstract 35794; *Southern Rice Sales Co., Inc.* v. *United States*, Abstract 41303; and *Schweisheimer & Fellerman* v. *United States*, Abstract 41572, the court held that the markings "Product of British Ind" for "Product of British India," "Holl" for "Holland," "elgium" for "Belgium," "Made in Turki" for "Made in Turkey" and "Palesti" for "Palestine" were not sufficient to indicate the country of origin. In *Whittaker, Clark & Daniels, Inc.* v. *United States*, Abstract 42654, where the marking "Manchuria" had become blurred during the voyage of importation so that it appeared to read "MANCHIIIA," it was held that the marking was insufficient.

On the other hand, in *Castle & Overton* v. *United States*, Abstract 39005, where the marking "SPAIN" on bales of rags had become dim on the voyage of importation but was still readable, the court held that all of the bales where the marking was clear enough to be read were not subject to the assessment of duty under section 304 (b).

In the case now before the court, the record does not establish that any of the bales upon which the marking duty was assessed contained a marking clear enough to be read with a degree of accuracy required by the statute. In harmony with the decisions cited we hold that the merchandise in this case was not legally marked when imported. The protest is overruled. Judgment will be entered in favor of the defendant.